**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ALFONSO VARELA and § | |
| SANDRA SANTA MARIA VARELA § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-0343 |
| § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

In this tax refund case, Alfonso and Sandra Santa Maria Varela seek a refund of $236,997.51 in taxes and interest. The Varelas moved for summary judgment on the basis that they are entitled to the refund because the IRS waited too long to assess the taxes and interest. (Docket Entry No. 25). The United States responded with a cross-motion to dismiss for lack of subject matter jurisdiction under 26 U.S.C. § 7422(h) or for summary judgment on the basis that the assessment period had not expired. (Docket Entry Nos. 30–32). The Varelas replied, (Docket Entry No. 35), and filed a supplemental brief, (Docket Entry No. 38-2).[1] The Varelas filed three notices of recent authority, (Docket Entry Nos. 36, 39, and 44), and the United States filed one, (Docket Entry No. 42), which this court has also considered.

The issue is whether this court has subject matter jurisdiction over the Varelas' claim in this refund suit that the tax and interest assessments are barred by the three-year statute of limitations

---

[1] The Varelas' motion for leave to file a supplemental brief, (Docket Entry No. 38), is granted. This court treats the United States' motion opposing the motion to file the brief, (Docket Entry No. 40), which addresses the substantive merits of the Varelas' argument, as a response.

under 26 U.S.C. § 6501(a). The United States argues that this court does not have subject matter jurisdiction over the refund claim based on limitations because that claim requires this court to determine whether extensions under 26 U.S.C. § 6229 apply, which in turn requires this court to make determinations of partnership items. Under 26 U.S.C. § 7422(h), this court lacks jurisdiction to determine partnership items.

Issues similar to the those raised in this case have now been addressed by a number of courts, including recently by the United States Court of Appeals for the Fifth Circuit. Based on those cases, the pleadings, and the motions and responses and briefs submitted in support, this court grants the United States' motion to dismiss for lack of subject matter jurisdiction and denies the Varelas' motion for summary judgment as moot. An order dismissing the case is entered separately.

The reasons are explained in detail below.

**I.     Background**

### A.     The Tax Equity and Fiscal Responsibility Act of 1982

Partnerships file informational tax returns, but partnerships are not subject to federal income taxes. 26 U.S.C. § 701. Instead, a partnership is treated as a conduit through which income passes to its partners, who are responsible for reporting their pro rata share of tax on their individual income tax returns. *Id*. Before 1982, examining a partnership for federal tax purposes was a tedious process. A partnership filed an informational tax return on a Form 1065, which reflected the distributive shares of partnership income, gains, deductions, and credits attributable to the partners. If the IRS sought to adjust an item on a partnership return, the IRS had to examine each partner's individual return. As a result, the IRS could not ensure consistent adjustments of partnership items among partners. In response, Congress enacted the Tax Equity and Fiscal Responsibility Act of

2

1982, Pub. L. No. 97-248, 96 Stat. 324, 648-671 ("TEFRA").

TEFRA consolidated the partnership-level audit and adjustment procedures by requiring that "the tax treatment of any partnership item . . . shall be determined at the partnership level." 26 U.S.C. § 6221. TEFRA "created a single unified procedure for determining the tax treatment of all partnership items at the partnership level, rather than separately at the partner level." *In re Crowell*, 305 F.3d 474, 478 (6th Cir. 2002). After TEFRA, the IRS could adjust partnership items "at a singular proceeding, and then subsequently assess all of the partners based upon the adjustment to that particular item. The IRS would not have to conduct individual 'partner level' proceedings for each member of a partnership." *Prati v. United States*, 81 Fed. Cl. 422, 427 (Fed. Cl. 2008).

TEFRA defines a "partnership item" as "any item required to be taken into account for the partnership's taxable year under any provision of Subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of [subtitle F], such item is more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3). The regulations provide that items "more appropriately determined at the partnership level" include the gains, losses, deductions, and credits of a partnership. 26 C.F.R. § 301.6231(a)(3)-1. The term "partnership item" also "includes the accounting practices and the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." 26 C.F.R. § 301.6231(a)(3)-1(b). A "nonpartnership item" is "an item which is (or is treated as) not a partnership item." 26 U.S.C. § 6231(a)(4). The tax treatment of nonpartnership items requires partner-specific determinations that must be made at the individual partner level. *See Crnkovich v. United States*, 202 F.3d 1325, 1328–29 (Fed. Cir. 2000).

TEFRA also includes a hybrid category of "affected items." An "affected item" is "any item

3

to the extent such item is affected by a partnership item." 26 U.S.C. § 6231(a)(5). For example, a taxpayer-partner's medical expense deduction under 26 U.S.C. § 213(a) is an "affected item." Because a taxpayer can deduct medical expenses only to the extent they exceed 7.5 percent of adjusted gross income, a change in the partnership's income affects the amount of the partner's deduction. Affected items can have both partnership-item and nonpartnership-item components. For example, determining a limited partner's "amount at risk" for purposes of 26 U.S.C. § 465 may require a partnership-item determination of the amount of partnership debt and a nonpartnership-item determination of the amount of that debt assumed by the limited partner.

There are two different types of affected items. "The first type of affected item requires only a computational adjustment at the partner level, which can only be made at the conclusion of the partnership level proceeding." *Woody v. Comm'r*, 95 T.C. 193, 201–02 (1990) (citing *N.C.F. Energy Partners v. Comm'r*, 89 T.C. 741, 744, 1987 WL 45298 (1987)). "The term 'computational adjustment' means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." 26 U.S.C. § 6231(a)(6). "A computational adjustment may include a change in tax liability that reflects a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item." 26 C.F.R. § 301.6231(a)(6)-1T(a). Such a "computational affected item" may be applied to the individual partner without any factual determination at the partner level. "The other type of affected item is one that is dependent upon factual determinations (other than a computation) relating to an adjustment made at the partner level." *Woody*, 95 T.C. at 202; *N.C.F. Energy Partners,* 89 T.C. at 744–75. These affected items require fact-finding particular to the individual partner.

If the IRS decides to adjust any partnership items on a partnership's informational income

4

tax return, it must notify the individual partners of the adjustment by issuing a Notice of Final Partnership Administrative Adjustment ("FPAA"). *Id.* § 6223; *see also Kaplan v. United States*, 133 F.3d 469, 471 (7th Cir. 1998). A Notice of FPAA sets out the proposed adjustments, for example, disallowing all or part of the partnership's deductions, and lists the grounds. *Id.* For ninety days after a Notice of FPAA issues, the Tax Matters Partner[2] has the exclusive right to challenge the proposed adjustments in Tax Court, the Court of Federal Claims, or a United States District Court. 26 U.S.C. § 6226(a). If the TMP does not file suit challenging the proposed adjustments within this period, other partners have sixty days to file a petition for readjustment. *Id.* § 6226(b)(1). If a partnership-level challenge is filed, each partner in the partnership is deemed a party to the case. 26 U.S.C. § 6226(c)(1).

If a partner settles his tax liability with the IRS, the partner will not be able to participate in the partnership-level suit and will be bound by the settlement agreement terms. *Id.* §§ 6228(a)(4), 6226(c)(1). If the IRS enters into a settlement agreement with any partner with respect to partnership items, other partners are entitled to a consistent settlement as to those partnership items. *Id.* § 6224(c)(2). The TMP may bind "non-notice" partners to a settlement agreement resolving partnership items if the TMP expressly states in the agreement that it "shall bind the other partners." *Id.* § 6224(c)(3)(A). A non-notice partner is a partner with less than a one percent interest in a partnership that has more than one hundred partners. *See id.* §§ 6231(a)(8), 6223(b)(1).

In a partnership-level proceeding, the Tax Court has jurisdiction to determine all partnership items for the tax year to which the FPAA relates. The Tax Court also has jurisdiction to determine the proper allocation of the partnership items among the partners. *Id.* § 6226(f). For tax years before

---

[2] A tax matters partner is the partner designated to act as a liaison between the partnership and the IRS in administrative proceedings and as the representative of the partnership in judicial proceedings.

1997, the Tax Court does not have jurisdiction over nonpartnership items or over affected items.[3] *Id.* The TMP and the IRS may reach an agreed decision in the Tax Court as to partnership items. TAX COURT R. 248(b). In a partner-level refund action, district courts do not have jurisdiction over partnership items. 26 U.S.C. § 7422(h). But a district court does have jurisdiction in a partner-level refund action over partnership items that were converted to nonpartnership items through a settlement with the IRS. *Id.* § 6231(b)(1)(C).

### B.  Factual Background[4]

Alfonso Varela invested as a limited partner in Agri-Venture II ("AV2") and Coachella-85 Partners ("C-85"), two partnerships overseen by American Agri-Corp ("AMCOR"). (Docket Entry No. 25-2 at 204). The Varelas filed their 1984 and 1985 returns on April 25, 1986 and June 2, 1986,

---

[3]  Congress amended Section 6226(f) in 1997 to grant the Tax Court jurisdiction over "the applicability of any penalty, addition to tax, or additional amount which related to an adjustment to a partnership item." The amendment was limited to tax years ending after August 5, 1997.

[4]  The record includes: Alfonso Varela's 1984 Schedule K-1 for the AV2 partnerships, (Docket Entry No. 25, Ex. 1); the first page of AV2's 1984 partnership return, (*id.* Ex. 2); excerpts of C-85's 1985 partnership return, (*id.*, Ex. 3); excerpts of the Varelas' 1984 tax return, (*id.*, Ex. 4); the Varelas' 1985 tax return, (*id.*, Ex. 5); the 1984 IRS Account Transcript for the Varelas, (*id.*, Ex. 6); the 1985 Account Transcript for the Varelas, (*id.*, Ex. 7); the docket sheet for *Agri-Venture II v. Comm'r*, No. 15048-91 (T.C.), (*id.*, Ex. 8); the petition in No. 15048-91, (*id.*, Ex. 9); the IRS's answer in No. 15048-91, (*id.*, Ex. 10); the December 8, 1999 stipulation to be bound in No. 15049-91, (*id.*, Ex. 11); the December 18, 2000 joint status report in No. 15048-91 and *Coachella-85 Partners v. Comm'r*, No. 115057-91 (T.C.); (*id.*, Ex. 13); July 19, 2001 decision in No. 15048-91, (*id.*, Ex. 19); the November 7, 2001 declaration of Fred H. Behrens, (*id.*, Ex. 20); the Varelas' September 18, 2004 refund claim, (*id.*, Ex. 21); the IRS's January 25, 2005 Notice of Disallowance, (*id.*, Ex. 22); the affidavit of Alfonso Varela, (*id.*, Ex. 23); Form 879-P(AD) for partner in AV2, (*id.*, Ex. 24); Form 879-P(AD) for partner in C-85, (*id.*, Ex. 25); the affidavit of Sallie W. Gladney, (Docket Entry No. 25-3); the declaration of Michael D. Powell, (Docket Entry No. 32, Ex. 1); the AV2 management agreement, (*id.*, Ex. 2); Behrens's deposition, (*id.*, Ex. 3); the C-85 partnership agreement, (*id.*, Ex. 4); the C-85 investor investment listing for C-85, (*id.*, Ex. 5); a December 12, 1985 contract purporting to sell a .5 percent interest in AV2, (*id.*, Ex. 6); a June 16, 1988 letter designating George L. Schreiber as the TMP for AV2 and C-85 "until the Partnership termination," (*id.*, Ex. 7); a July 14, 1988 letter designating Schreiber the TMP for AV2 and C-85, (*id.*, Ex. 8); a July 30, 1988 Form 872-P, consenting extend C-85's time to assess tax signed by Schreiber, (*id.*, Ex. 9); excerpts from the confidential private placement memorandum for AV2, (Docket Entry No. 35, Ex. 26); the affidavit of Debbie Gaither, (*id.*, Ex. 27); the affidavit of Jan Voda, (*id.*, Ex. 28); docket sheet excerpts from *Hastie v. Am. Agri-Corp*, No. 92-cv-2392 (C.D. Cal.), (*id.*, Ex. 29); docket sheet excerpts from *Meaux v. Am. Agri-Corp.*, No. 92-cv-2395 (C.D. Cal.), (*id.*, Ex. 30); docket sheet for *Purnell v. Amcor Capital, Inc.*, No. 92-cv-2395 (C.D. Cal.), (*id.*, Ex. 32); excerpts from the United States' brief in *Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009), (*id.*, Ex. 33); excerpts from the United States' brief in *Prati v. United States*, 603 F.3d 1301 (Fed. Cir. 2010), (*id.*, Ex. 35); excerpts from the United States' brief in *Scott v. United States*, No. 10-20425 (5th Cir.), (*id.*, Ex. 36).

respectively. They reported Alfonso Varela's apportioned losses on those returns, as required by 26 U.S.C. § 6222(a). (*Id.* at 9, 14, 15, 19). The IRS received the partnership returns on March 25, 1985 and March 27, 1986. (*Id.* at 3, 4).

The IRS began to investigate several AMCOR partnerships, including AV2 and C-85, in the late 1980s. The IRS issued Notices of FPAA in 1991 for the AV2 1984 partnership return and the C-85 1985 partnership return. The IRS proposed to disallow all farming expenses and certain other deductions based on partnership-level management activities. (*Id.* at 51–59, 127–33). The TMPs did not contest the FPAAs under 26 U.S.C. § 6226(a). Individual partners filed partnership-level suits in the Tax Court under 26 U.S.C. § 6226(b). (*Id.* at , 34–59, 114–33). The partners argued that § 6229 did not extend § 6501's three-year assessment period. (*Id.* at 37, 117). The IRS denied that the assessment period had lapsed. (*Id.* at 61–62, 134–43). On December 5, 1999, the IRS and the partners in the AV2 and C-85 partnership litigation agreed to be bound by the results of a test case. (*Id.* at 74–75, 156). The parties entered stipulations in the Tax Court the next day. (*Id.* at 33, 113).

Following the test case, the Tax Court determined that "the assessment of any deficiencies in income tax that are attributable to the adjustments to partnership items for the years 1984 and 1985 are not barred by the provisions of I.R.C. § 6229" in the AV2 and C-85 partnership cases on July 19, 2001. (*Id.* at 102, 159). The IRS then assessed the Varelas for $13,895 in taxes and $74,914 in interest for the 1984 tax year and $26,016 in taxes and $121,558.88 in interest for the 1985 tax year. The Varelas paid the 1984 and 1985 assessments in the fall of 2002, (*id.* at 16–17, 20–21), and sought a refund on September 18, 2004, (*id.* at 161–202). The IRS denied the refund request on January 25, 2005. (*Id.* at 203). The Varelas filed this refund suit on January 24, 2007. (Docket Entry No. 1).

The parties have filed cross-motions for summary judgment. The Varelas argue that they

7

are entitled to a refund because the IRS issued the FPAA more than three years after the Varelas filed their returns for the relevant years and no statutory extension to the assessment period applies. *See* 26 U.S.C. § 6501(a). The United States responds that the assessment periods were extended under § 6229 (b)(1)(B) and (c)(3).[5] The United States contends that whether § 6229 applies is a partnership item that this court lacks jurisdiction to determine in this refund action. *See* 26 U.S.C. § 7422(h). The Varelas respond that this court has subject matter jurisdiction over their refund action because their claim is based on an affected item, over which this court has jurisdiction, not a partnership item, over which, they concede, this court does not.

The arguments and responses are analyzed below.

## II. The Standard for Dismissal for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the

---

[5] Subsection (b)(1)(B) provides: "The period described in subsection (a) (including an extension period under this subsection) may be extended . . . with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person authorized by the partnership in writing to enter into such an agreement)." 26 U.S.C. § 6229(b)(1)(B). Subsection (c)(3) provides: "In the case of a failure by a partnership to file a return for any taxable year, any tax attributable to a partnership item (or affected item) arising in such year may be assessed at any time." *Id.* § 6229(c)(3).

burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261.

## III. Analysis

The Varelas argue that they are entitled to a refund because the IRS assessed the taxes and interest after the statutory deadline had passed. Section 6501 provides a default assessment period of three years after the return is filed. 26 U.S.C. § 6501(a); *Burks v. United States*, 633 F.3d 347, 349 (5th Cir. 2011); *Curr-Spec Partners, L.P. v. Comm'r*, 579 F.3d 391, 395 (5th Cir. 2009). Section 6501(a) provides:

> (a) General rule. — Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) . . . .

26 U.S.C. § 6501. The statute contains various exceptions. For example, the IRS may assess tax "at any time" against one who fails to file a return or who willfully attempts improperly to avoid paying tax, including by filing a false return. *Id.* § 6501(c) (1)–(3). The taxpayer may also agree to an extension. *Id.* § 6501(c)(4). Some extensions are provided by cross-references to other sections of Title 26. *See id.* § 6501(c)(5), (n). Subsection (n)(2) provides: "For extension of period in the case of partnership items (as defined in section 6231(a)(3)), see section 6229."

Section § 6229(a) provides:

> (a) General rule. — Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of —
>
> (1) the date on which the partnership return for such taxable year was filed, or
>
> (2) the last day for filing such return for such year (determined without regard to extensions).

*Id.* § 6229(a). Like § 6501, § 6229 measures the assessment period from the date on which the return — in this case the partnership's informational return — was to have been or actually was filed, whichever is later. Also like § 6501, § 6229 provides for extension by agreement. The IRS may extend the three-year period partnership-wide through agreement with the TMP and with respect to individual partnerships by agreement with individual partners. *Id.* § 6229(b). When the partnership does not file a return, the IRS may assess taxes and interest at any time. *Id.* § 6229(c)(3). If any partner signs or participates in the filing of a false return with the intent to evade tax, the IRS may assess taxes and interest at any time against that individual partner and the § 6229(a) three-year period is extended to six years for the remaining partners. *Id.* § 6229(c)(1). The same result applies when there is a substantial omission of income, as defined by § 6501(e)(1)(A). *Id.* § 6229(c)(2). When the IRS issues an FPAA, the three-year period is tolled until a year after the time expires for any partner to challenge the adjustment if no partner challenges, and a year after a final decision on a challenge that any partner does file. *Id.* 6229(d). The three-year period is also tolled as to an individual partner while that partner is in Chapter 11 bankruptcy proceedings. *Id.* § 6229(h).

The Fifth Circuit has recognized that § 6229(a) is not "an independent statute of limitations" that sets a time limit for assessing tax. *Curr-Spec*, 579 F.3d at 401. Instead, "§ 6229(a) establishes . . . the *minimum* time period that, when necessary, extends, i.e., supercedes, the general three-year

limitations period of § 6501(a). For partnership items, the otherwise applicable limitations period of § 6501(a) '*shall not expire before* the date which is 3 years after the later of . . . the date on which the partnership return . . . was filed' or the date on which it was due." *Id.* at 396 (quoting 26 U.S.C. § 6229(a)) (emphasis in original); *accord Bakersfield Energy Partners, LP v. Comm'r*, 568 F.3d 767, 770 n.5 (9th Cir. 2009); *AD Global Fund, LLC ex rel. North Hills Holding, Inc. v. United States*, 481 F.3d 1351, 1354 (Fed. Cir. 2007); *Andantech L.L.C. v. Comm'r*, 331 F.3d 972, 977 (D.C. Cir. 2003); *Rhone-Poulenc Surfactants & Specialties v. Comm'r*, 114 T.C. 533, 542 (T.C. 2000) (en banc). If § 6229 applies, it may extend, but cannot shorten, the three-year assessment period under § 6501(a).

A federal district court has subject matter jurisdiction over refund actions under 28 U.S.C. §§ 1340, 1346(a)(1); *Weiner v. United States*, 389 F.3d 152, 155 (5th Cir. 2005). Section 7422(h) of TEFRA generally strips district courts of subject matter jurisdiction to hear "action[s] . . . for a refund attributable to partnership items (as defined in section 6231(a)(3))." 26 U.S.C. § 7422(h); *Weiner*, 389 F.3d at 155.[6] Section 7422(h) "promote[s] judicial economy and consistency of decision" by "avoid[ing] the prospect of courts wasting considerable resources deciding substantive tax issues in unified partnership proceedings, only to find out later that no assessments can be made" and preventing individual partners from revisiting partnership-wide determinations in individual proceedings. *Keener v. United States*, 76 Fed. Cl. 455, 462 (Fed. Cl. 2007).

In this and similar cases, the individual partner filing the tax refund suit and the United States dispute whether the federal district court has subject matter jurisdiction to hear the refund action. This court follows the opinions issued to date in concluding that because the limitations argument

---

[6] Section 7422(h) provides: "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c)." 26 U.S.C. § 7422(h).

11

that is the basis of the refund claim requires determining whether the assessment period was extended by § 6229 (b)(1)(B) and (c)(3), and these determinations are of partnership items, subject matter jurisdiction is lacking under section 7422(h), which prevents a district court from determining partnership items in refund actions.

In *Weiner v. United States*, the Fifth Circuit held that courts lack subject matter jurisdiction hear a refund action in which a taxpayer argues that the § 6229(a) period has expired. 389 F.3d at 156–57. Like this case, *Weiner* involved assessments based on AMCOR partnerships. *Id.* at 153. The assessments in *Weiner* related to tax returns filed between 1984 and 1986. *Id.* The IRS sent the partnerships FPAA notices in 1990 and 1991, after the three-year § 6501(a) period had passed. *Id.* Partners contested the assessments as time-barred in partnership-level suits initiated in 1991. *Id.* at 153–54. The taxpayers settled their claims with the IRS in 1997 and filed refund suits in 2000. The taxpayers argued that they were entitled to refunds under § 6229(a) based on limitations. The Fifth Circuit disagreed, holding that the issue of whether limitations has expired under § 6229(a) "affects the partnership as a whole," making that issue a partnership item. *See id.* at 156–57. Under § 7422(h), a district court does not have subject matter jurisdiction over "action[s] . . . for a refund attributable to partnership items." As a result, the federal district court lacked jurisdiction to consider the refund action based on § 6229(a).[7]

Whether the Varelas are entitled to a refund depends on whether subsections (b)(1)(B) and (c)(3) apply, extending the three-year assessment period under § 6501(a). As with subsection (a), determining whether subsections (b)(1)(B) and (c)(3) apply requires the determination of partnership

---

[7] *Weiner* refers on several occasions to § 6229(a) as a "statute of limitations." *See, e.g.*, *Weiner*, 389 F.3d at 156. *Curr-Spec* clarified that the references were *dicta* and, as discussed above, held that § 6229 can only extend the assessment period. 579 F.3d at 399–400 (distinguishing *Weiner*).

12

items because the subsections' application does not vary partner to partner. *See Weiner*, 389 F.3d at 156–57. Subsection (b)(1)(B) provides that the assessment period "may be extended . . . with respect to all partners, by an agreement" between the TMP and the IRS. The issue has partnership-wide implications, so it is a partnership item. Subsection (c)(3) provides that "[i]n the case of a failure by a partnership to file a return for any taxable year, any tax attributable to a partnership item (or affected item) arising in such year may be assessed at any time." The question under § 6229(c)(3) is whether the partnership filed a return. That inquiry does not vary from partner to partner and is a partnership item. *See Kaplan*, 133 F.3d at 472–73. Under *Weiner*, courts lack jurisdiction over actions for refunds attributable to partnership items, such as the application of § 6229 (b)(1)(B) or (c)(3). 389 F.3d at 157–58.

The Varelas' argument that their action is for a refund under § 6501, not § 6229, overlooks the fact that sections 6501 and 6229 are not independent limitations periods. *Curr-Spec*, 579 F.3d at 396. The Varelas' refund, if any, would be "attributable to" the inapplicability of § 6229 (b)(1)(B) and (c)(3), just as the *Weiner* taxpayers' refunds would have been "attributable to" the inapplicability of § 6229(a). *See* 26 U.S.C. § 7422(h); *Weiner*, 389 F.3d at 156–57. When a taxpayer's refund action requires a court to determine whether partnership items such as § 6229(b)(1)(B) or (c)(3) applies to extend the three-year assessment period under § 6501(a) period, it must be dismissed for lack of subject matter jurisdiction, even if the taxpayer frames his argument under § 6501.[8]

Every court of appeals to consider whether a partner can assert a limitations defense common

---

[8] This court notes that the result may be different when the government urges extension based on subsection (b)(1)(A), which provides for an extend assessment period "with respect to any partner, by an agreement entered into by the Secretary and such partner." 26 U.S.C. § 6226(b)(1)(A).

to the partnership has held that the claim must be asserted in the partnership proceedings. *See Keener v. United States*, 551 F.3d 1358, 1363 (Fed. Cir. 2009); *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1260 (11th Cir. 2000); *Chimblo v. Comm'r*, 177 F.3d 119, 125 (2d Cir. 1999); *Kaplan*, 133 F.3d at 473 (7th Cir. 1998); *Williams v. United States*, 165 F.3d 30 (6th Cir. 1998) (Table).[9] Every court to consider contentions similar to those the Varelas raise, that a refund suit based on a limitations argument under § 6501 is different from a refund suit based on limitations under § 6229, has rejected the contentions. *See Prati v. United States*, 603 F.3d 1301, 1306–07 (Fed. Cir. 2010), *cert. denied sub nomine Deegan v. United States*, 131 S. Ct. 937 (2011), and *Prati v. United States*, 131 S. Ct. 940 (2011); *Kercher v. United States*, No. 4:07-cv-310, 2010 WL 4736909, at *6–8 (E.D. Tex. Nov. 16, 2010); *Matthews v. United States*, Civ. A. No. 00-4131, 2010 WL 2305750, at *4 (S.D. Tex. June 8, 2010), *aff'd sub nomine Scott ex rel. Estate of Matthews v. United States*, No. 10-20425, 2011 WL 1834257, at *1 (5th Cir. May 12, 2011) (per curiam) (unpublished). Although unpublished, the Fifth Circuit's opinion affirming *Matthews* "is highly persuasive because [it] explicitly rejected the identical argument that [the Varelas] advance[] here." *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011). No court has determined that framing a § 6229 argument as a § 6501 argument escapes § 7422(h)'s reach.

The Varelas argue that *Matthews* and the other cases are flawed because they relieve the United States of its burden to show that an exception to the default three-year assessment period applies. *See, e.g.*, *Madison Recycling Assocs. v. Comm'r*, 295 F.3d 280, 286 (5th Cir. 2002) (noting the government's burden of production to show an exception applies while emphasizing that the "burden of persuasion . . . remains always with the taxpayer"). The issue in this case is not whether

---

[9] The Tax Court agrees. *Crowell v. Comm'r*, 102 T.C. 683 (1994).

14

subsections (b)(1)(B) and (c)(3) extend the § 6501(a) assessment period. The issue is whether this court has subject matter jurisdiction to determine whether they do and order a refund if they do not. *Matthews*, 2010 WL 2305750, at *4. Because § 7422(h) deprives this court of subject matter jurisdiction to make partnership-item determinations or to order a refund attributable to partnership items, this case must be dismissed without determining whether those subsections of § 6229 apply. *See Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998)).

The Varelas also argue that prohibiting individual partners from asserting refund claims based on § 6229 leaves partners whose assessments arose in partnership-level proceedings before 1997 without any venue to object to the timeliness of partnership tax assessments. This argument is based on *Curr-Spec*, in which the Fifth Circuit explained that § 6229 is not an independent statute of limitations. Because § 6229 operates in conjunction with § 6501, the Varelas argue, determining whether a claim assessment is time barred will often involve partner-level determinations. In *Curr-Spec*, for example, the IRS assessed tax after the § 6229(a) period but before the close of the § 6501(a) period. 579 F.3d at 393–94. The Varelas argue that before Congress amended 26 U.S.C. § 6226(d) in 1997, partners whose assessment period had expired were not allowed to participate in partnership-level proceedings. It is unreasonable, they argue, to interpret the statutory scheme in a way that denies them a forum in which to assert their limitations defense.

The Varelas argue that § 6226(c) and (d) show that partners could not present individual limitations arguments in partnership-wide proceedings. Subsection (c) provides:

> (c) Partners treated as parties. — If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year —
>
> (1) each person who was a partner in such partnership at any time

15

> during such year shall be treated as a party to such action, and
>
> (2) the court having jurisdiction of such action shall allow each such person to participate in the action.

Subsection (c) binds all partners deemed parties to the case's outcome based on *res judicata* principles. *See Duffie v. United States*, 600 F.3d 362, 372 (5th Cir.), *cert. denied*, 131 S. Ct. 355 (2010) (applying *res judicata* to partners who did not participate in the partnership-level proceedings). Subsection (d)(1), however, creates an exception to subsection (c). Before Congress amended it in 1997, subsection (d)(1) provided:

> (1) In order to be party to action. — Subsection (c) shall not apply to a partner after the day on which —
>
> (A) the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or
>
> (B) the period within which any tax attributable to such partnership items may be assessed against that partner expired.

The 1997 amendment added the following language to subsection (d):

> Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.

Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1239(f) (codified at 26 U.S.C. § 1226(f)). The Varelas do not dispute that subsection (d) now provides a court hearing a partnership-level challenge jurisdiction to entertain an individual partner's limitations defense. *See Curr-Spec*, 579 F.3d at 395–96 (holding that the 1997 amendment gives the Tax Court jurisdiction to consider such limitations arguments). They argue that before the 1997 amendment, a court hearing a partnership-

level challenge to an FPAA lacked such jurisdiction.

The Federal Circuit rejected this argument in *Prati*. The court acknowledged that treating the limitations issue as a partnership item "required [partners] to raise the limitations issue in the partnership-level proceeding." *Prati*, 603 F.3d at 1307. The court observed, however, that partners had the right to do so before the 1997 amendment. "[T]he 1997 amendment merely codified prior practice in the Tax Court; the appellants, as individual partners, were therefore free to participate in the partnership-level proceedings to litigate the statute of limitations issue." *Id.* n.4 (citing *Rhone-Poulenc*, 114 T.C. at 535). The Varelas do not dispute that the Tax Court considered limitations arguments before the 1997 amendment or that other partners in the AV2 and C-85 partnerships asserted limitations arguments in the partnership-level proceedings. Instead, they argue that *Prati*'s holding wrongly allowed the Tax Court to expand its jurisdiction beyond statutory limits.

Neither *Prati* nor the cases following it directly addressed this argument. This court is not required to resolve this issue because *Weiner*, *Curr-Spec*, and to some extent *Scott* compel the conclusion that § 7422(h) deprives this court of jurisdiction to determine whether § 6229(b)(1)(B) and (c)(3) extend the § 6501(a) assessment period. Just as subsections (b)(1)(B) and (c)(3) extend the default three-year assessment period under § 6501(a), so does subsection (a), which was at issue in *Weiner*, 389 F.3d at 156–57. This court must follow Fifth Circuit precedent absent an intervening Supreme Court decision or decision of the Fifth Circuit sitting en banc. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (citing *Billiot v. Puckett*, 135 F.3d 311, 316 (5th Cir. 1998)).[10]

Finally, the Varelas argue that under *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct.

---

[10] The Varelas note that their attorneys, who also represent the taxpayers in *Scott*, have sought rehearing en banc before the Fifth Circuit.

17

1197 (2011), this court should hold that § 7422(h) does not deprive this court of subject matter jurisdiction to determine whether limitations applies and therefore that the tax refund is due. Contrary to the Varelas' argument, *Henderson* is not intervening Supreme Court authority that would allow this court to ignore Fifth Circuit precedent. *Henderson* does not require this court to view the approach taken in *Weiner*, *Curr-Spec*, and *Scott* as "drive-by jurisdictional rulings" that improperly conflate a defendant's failure to establish an affirmative defense with the court's lack of subject matter jurisdiction. (Docket Entry No. 44 at 5). To the contrary, the courts have been very clear that the jurisdiction question is separate from the merits question. *See, e.g.*, *Matthews*, 2010 WL 2305750, at *4 ("The issue in this case is not whether Matthews is correct on the merits of the statute of limitations argument, but whether this Court has jurisdiction to decide whether Matthews is correct."). *Henderson*, which involved the deadline for filing a notice of appeal in the Veterans Court from the Veterans Administration's denial of a claim for benefits for service-connected disability, does not appear to change the outcome of the cases the United States relies on here. 131 S. Ct. at 1205–06. Henderson emphasized the Veterans Administration's informal adjudicatory process in the context of the unique administrative scheme for veterans benefits, and the solicitude shown the veteran applicants, in holding that the deadline for seeking Veterans Court review was not meant to have jurisdictional attributes. *Id.* Neither the Tax Code, the adjudicative scheme it establishes, the TEFRA provisions, nor taxpayers are similar in any relevant respects to the administrative scheme for veterans benefits, the statutory provisions relating to their determination, or to veterans. The issue in *Henderson* was whether the fact that the appeal-filing deadline had elapsed meant that the Veterans Court lacked jurisdiction to decide the appeal. The issue here is not whether the fact that the deadline had expired deprived the court of jurisdiction. Rather, the issue here is whether a statutory provision stating that a district court lacks jurisdiction

to make certain determinations means that the district courts lack jurisdiction to decide whether the deadline had elapsed or not. *Henderson* does not provide the support the Varelas assert.

**IV. Conclusion**

The United States' motion to dismiss for lack of subject matter jurisdiction is granted. The Varelas' motion for summary judgment is denied as moot. An order dismissing the case is entered separately.

SIGNED on June 1, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge